

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | No. 05 CR 787 |
| ) | |
| Luis Miranda, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the government's petition for review of the

magistrate judge's order releasing Defendant Luis Miranda ("Miranda") subject to

certain conditions. The magistrate judge stayed the order of release until 5:00 p.m.

today to give the government a chance to appeal. For the reasons stated below, we

revoke the release order of the magistrate judge, find that detention is appropriate,

and order that Miranda be remanded to the custody of the U.S. Marshal.

## BACKGROUND

Miranda is charged with one count of bank robbery, in violation of 18 U.S.C.

2113(a). On October 12, 2005, at a hearing before a magistrate judge, the

government requested that Miranda be detained. The magistrate judge denied the

government's request and issued an order releasing Miranda subject to certain

conditions, including that Miranda: 1) report to Pretrial Services, 2) execute a bail

bond with solvent sureties in the amount of $10,000, 3) be placed in the custody of

his wife, Melissa Miranda, and 4) participate in a substance abuse therapy program.

The government requests, pursuant to 18 U.S.C. § 3145(a)("Section

3145(a)"), that we review the magistrate judge's release order, revoke the release

order of the magistrate judge, and grant the government's request for detention.

## LEGAL STANDARD

Section 3145(a), entitled "Review of a release order" provides that:

> If a person is ordered released by a magistrate judge, or by a person other than
> a judge of a court having original jurisdiction over the offense and other than
> a Federal appellate court--
> (1) the attorney for the Government may file, with the court having original
> jurisdiction over the offense, a motion for revocation of the order or
> amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over
> the offense, a motion for amendment of the conditions of
> release.
> The motion shall be determined promptly.

18 U.S.C. § 3145(a). The Seventh Circuit has stated that "[a]lthough § 3145(a)(1)

speaks of 'review' by the district judge, the court may start from scratch," but the

judge "who elects to do this . . . must follow the same procedures that apply to the

taking of evidence before the magistrate judge" under 18 U.S.C. § 3142(f) ("Section

3142(f)"). *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Section

3142(f), entitled "Detention Hearing" provides in part the following:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community --

18 U.S.C. § 3142(f). The purpose of a pretrial detention hearing is to decide

"whether there are conditions of release that can reasonably assure the appearance of

a defendant at trial and, at the same time, preserve the safety of the community."

*U.S. v. Warneke*, 199 F.3d 906, 908 (7th Cir.1999)(citing 18 U.S.C. § 3142(g)).

Pursuant to 18 U.S.C. § 3142(g) ("Section 3142(g)"), entitled "Factors to be

considered," a court must consider certain factors at a Section 3142(f) pretrial

detention hearing, which are as follows:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section,

the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

## DISCUSSION

On October 12, 2005 this court held a detention hearing pursuant to Section 3142(f). At the detention hearing, both the government and Miranda were afforded an opportunity to make arguments and present witnesses. The government requested that Miranda be detained, and argued that Miranda is a threat to the safety of others. In addition to his prior conviction for unlawful use of a weapon, the government has argued that Miranda is currently charged with a "violent bank robbery, during which a note threatening a bomb and a gun pointed at an unresisting employee was used." The government has also argued that Miranda has a history of mental illness, suicidal tendencies, domestic violence, and substance abuse.

Miranda has admitted his prior conviction and his history of mental illness and substance abuse, but has argued that his criminal history is the product of his mental illness and substance abuse. Miranda has requested that he be placed in a thirty-day in-patient drug treatment program at Lutheran Social Services of Illinois in Elgin. According to Miranda, if he violates any conditions of his release while in the

Lutheran drug treatment program, the institution will immediately report the violation to the court, and U.S. Marshals will be able to immediately arrest him. Miranda further argues that he has strong ties to the community, given that he is a life-long member of Illinois, and that his wife and children live here.

We have considered the entire record in this matter, including the factors set forth in Section 3142(g), and find that the government has submitted sufficient evidence to indicate that Miranda is a danger to the community. Miranda has prior felony convictions for unlawful use of a weapon and possession of cocaine, and is currently before the court pursuant to an indictment for a violent crime. Furthermore, Miranda has a serious history of mental illness and substance abuse. Miranda has been convicted of a drug felony, and in September 2005, Miranda tested presumptively positive for the presence of opiates and cocaine in his urine. We also find that sufficient evidence has been presented to indicate that Miranda poses a risk of nonappearance. Miranda is currently on probation for past felonies, and on September 26, 2005, Kane County issued an arrest warrant for Miranda for a violation of his probation.

The court has considered the combination of conditions articulated in 18 U.S.C. § 3142(b) and (c), and finds that no condition or combination of conditions will reasonably assure "the safety of any other person and the community" or Miranda's appearance if he is released. 18 U.S.C. § 3142(e). Miranda has already demonstrated that he is a threat to the safety of others due to his prior conviction for

an unlawful use of a weapon and the current charge against him for bank robbery "by force and violence, and by intimidation." Miranda has also shown that he is a poor bail risk, due to his substance abuse, mental illness, and recent probation violation. Miranda's argument that if he is placed in a drug treatment program and violates any conditions of the program the court will be notified is not persuasive. The question before the court is whether Miranda is a threat to the safety of the community, and notifying the court after Miranda has had a chance to cause harm to community will not be an adequate preventative measure. The court finds that there is no condition or combination of conditions that will assure Miranda's appearance in court and the safety of the community. The government has met its burden and accordingly the court finds that pursuant to 18 U.S.C. § 3142(e) that detention is appropriate in this case.

## CONCLUSION

Based upon the foregoing and a review of the record and the testimony presented in court, we revoke the release order of the magistrate judge, find that detention is appropriate, and remand Miranda to the custody of the U.S. Marshal.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 12, 2005